UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE C. MARTINEZ, § | | |
|     *Petitioner*, § | | |
| § | | |
| vs. § | CIVIL ACTION H-07-796 | |
| § | | |
| NATHANIEL QUATERMAN, § | | |
|     Director of the Texas Department § | | |
|     of Criminal Justice - Correctional § | | |
|     Institutions Division, § | | |
|     *Respondent*. § | | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Jose C. Martinez, an inmate of the Texas Department of Criminal Justice, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, which has been referred to this magistrate judge for report and recommendation. (Dkt. 6). The court recommends that Martinez's application be dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1]

Martinez alleges in his petition that he was convicted of intoxication manslaughter in the 228th District Court of Harris County, Texas on October 12, 1999. He was sentenced to 15 years in prison. The First Court of Appeals affirmed the conviction on December 13, 2001. Martinez's petition for discretionary review which was denied on October 24, 2002. Martinez also filed two state writs of habeas corpus on March 10, 2006 and November 27, 2006, which were both denied. Martinez filed his federal application for writ of habeas

---

[1] The court grants petitioner's application to proceed as a pauper. (Dkt. 3).

corpus on March 5, 2007.

Martinez's federal application is governed by the amendments to the federal habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2224.  The AEDPA provides a one year limitation period for habeas petitions, running from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Because Martinez did not seek certiorari with Supreme Court, his conviction became final on January 25, 2003, 90 days after his petition for discretionary review was denied. Sup. Ct. R. 13.1.  Under the AEDPA, Martinez had until January 25, 2004 in which to file for § 2254 relief.  Martinez, however, filed his federal petition on March 5, 2007, three years beyond the limitations period.

Martinez's state habeas petitions were filed after the limitations period expired, and therefore, did not statutorily toll the limitations period.   The petition does not present any grounds for equitable relief or statutory tolling of his limitations period.  Therefore, the court recommends that this application be dismissed as time barred under 28 U.S.C. § 2244(d).

For the reasons discussed above, the court recommends that petitioner's application for writ of habeas corpus be denied with prejudice.  The court further finds that Martinez has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

Martinez is hereby granted notice and a fair opportunity to show why the limitation period has not expired. *See Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006). Accordingly, Martinez has thirty days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on April 30, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge